THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
GEORGE A. DOWN and WILFORD F. DOWN, Doing Business
under the Firm Name and Style of GEORGE A. DOWN & SON,
Respondents.

. Fourth Department, January 10, 1917.

Agricultural Law, section 161, requiring statement as to contents of
"feeding stuffs" construed — responsibility of seller for said state-
ment — when deficiency in statement not negligible.

The provision of section 161 of the Agricultural Law that concentrated
commercial "feeding stuffs" offered for sale shall have affixed to the
package "a plainly printed statement which shall certify" as to the con-
tents and analysis thereof, necessarily means a truthful statement.

A seller is responsible for the presence of such a statement on the package
when he sells it.

The provisions of sections 162 and 163 of the Agricultural Law for filing
statements and license fees do not relieve a seller from conforming to the
requirements of section 161.

A deficiency of four-tenths of one per centum of crude fat in a statement
made under section 161 of the Agricultural Law was not negligible.

FOOTE, J., dissented.

APPEAL by the plaintiff, The People of the State of New
York, from a judgment of the Supreme Court in favor of the
defendants, entered in the office of the clerk of the county of
Onondaga on the 6th day of June, 1916, dismissing the com-
plaint by direction of the court.

*Charles M. Stern, Deputy Attorney-General*, for the
appellant.

*Giles S. Piper*, for the respondents.

PER CURIAM:

The action was brought to recover a penalty for the alleged
violation of section 161 of the Agricultural Law (Consol.
Laws, chap. 1 [Laws of 1909, chap. 9], as amd. by Laws of
1911, chap. 314).*

The complaint alleges the copartnership of the defendants
and that they are engaged in selling concentrated commercial
feeding stuffs used for feeding live stock at their place of busi-

* Since amd. by Laws of 1916, chap. 135. — [REP.

ness in or near the village of Brewerton, Onondaga county, N. Y.; that on the 23d day of October, 1913, at their place of business at Brewerton, the defendants had in their possession and offered and exposed for sale, a certain commodity as and for and within what is defined in section 160 of the Agricultural Law of the State* as concentrated commercial feeding stuff; that such commodity was a compounded feed and was known as and bore the trade name of "Fulton Dairy Feed;" that the name and address of the manufacturer of or jobber in such commodity was Gilbert & Nichols Co. of Fulton, N. Y.; that there was attached to each and every package of such commodity a plainly printed statement certifying that such commodity contained twenty-six per centum of crude protein and six per centum of crude fat and nine per centum of crude fibre; that such commodity did in fact contain only five and six-tenths per centum of crude fat; that such statement so attached certified that the ingredients of such commodity were distillers' dried grains, malt sprouts, brewers' grains, cotton seed oil, old process oil meal, buckwheat middlings, gluten feed, wheat bran, corn meal, ground oats, mixed with a very small percentage of salt; that the name of no other ingredient appeared in such printed statement or otherwise; and that in fact such commodity contained buckwheat hulls which are ingredients entirely different from those named as aforesaid.

For such alleged violations of the Agricultural Law the plaintiff asked for the penalty allowed by section 52 of such law.†

The answer admitted the copartnership and the occupation of the defendants and otherwise was a general denial.

After the case was opened to the jury by the counsel for the plaintiff and upon a concession by him that the manufacturers of the commodity in question during the year 1913 had a certificate from the department of agriculture authorizing them to manufacture the commodity in question, the counsel for the defendant made a motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause

---

* Amd. by Laws of 1912, chap. 277. Since amd. by Laws of 1916, chap. 135. — [REP.

† Since amd. by Laws of 1916, chap. 384. — [REP.

of action, which motion was granted, and the decision so made and the judgment entered thereon are here for review.

The material parts of section 161 of the Agricultural Law (as amd. *supra*) are as follows:

"Statements to be attached to packages; contents; analysis. No manufacturer, firm, association, corporation or person shall sell, offer or expose for sale or for distribution in this State, any concentrated commercial feeding stuffs used for feeding live stock unless such concentrated commercial feeding stuffs shall be accompanied by or shall have affixed to each and every package in a conspicuous place on the outside thereof, a plainly printed statement which shall certify as follows: * * *

"3. The name and principal address of the manufacturer or person responsible for the placing of the commodity upon the market.

"4. Its composition expressed in the following terms:

"a. The minimum per centum of crude protein.

"b. The minimum per centum of crude fat.

"c. The maximum per centum of crude fibre, provided that the per centum of crude fibre may be omitted if it does not exceed five per centum.

"d. If a compounded feed, the name of each ingredient contained therein. * * *

"That portion of the statement required by this section relating to the quality of feeding stuffs shall be known and recognized as the guaranteed analysis."

We think the learned trial court erred in dismissing the complaint. The difficulty apparently encountered by him lay in the interpretation of the use of the expression "a plainly printed statement which shall certify as follows:" We regard the language as reasonably exact, and equivalent to requiring the affixing to each and every package of the commodity, in a conspicuous place on the outside thereof, of a plainly printed statement setting forth, stating or certifying certain things. It seems to us that it was not necessary for the Legislature to qualify "certify" by adding "truthfully" or its synonym. A truthful statement must have been intended. We do not see that it is important that the Legislature should have required that any particular person should have been the author of the

statement.    The point is that the seller is held responsible for the presence of such a statement on the package when he sells it.

The provisions of sections 162 and 163 of the act (as amd. by Laws of 1909, chap. 317, and Laws of 1911, chap. 314) for filing statements and license fees do not relieve a seller from conforming to the requirements of section 161 of the Agricultural Law (as amd. *supra*).

It was argued that the deficiency of four-tenths of one per centum of crude fat was negligible.    We do not think so. Where even four-tenths of one of six parts in a hundred is missing, the loss on the six parts is over six and a half per centum.

Our conclusion is that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred, except FOOTE, J., who dissented.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.